WECHSLER, Judge (specially concurring). {50} I concur in the majority opinion. I write separately to address Article II, Section II of the New Mexico Constitution, which reads, in its entirety, Every man shall be free to worship God according to the dictates of his own conscience, and no person shall ever be molested or denied any civil or political right or privilege on account of his religious opinion or mode of religious worship. No person shall be required to attend any place of worship or support any religious sect or denomination; nor shall any preference be given by law to any religious denomination or mode of worship. Its federal counterpart, the First Amendment, provides, in pertinent part, that “Congress shall make no law . . . prohibiting the free exercise” of religion. {51} Elane Photography argues that the N ew Mexico constitutional provision pro vides broader protection than the First Amendment, and, therefore, the NMHRA infringes on Elaine’s religious freedom under the New Mexico Constitution, even if it does not infringe on her rights under the First Amendment. The majority opinion analyzes Elane Photography’s free exercise of religion claim under federal standards. {52} I agree with Elane Photography that the New Mexico Constitution may provide broader protection than the First Amendment. Elane Photography specifically points to the language of the second sentence of Article II, Section 11 that it argues “prohibits the government from requiring a person to attend a place of worship” as being “distinctive” from the First Amendment. It contends that “Elaine would have been forced to ‘attend’ [a religious] ceremony to photograph it.” While I agree that the language of Article II, Section II is different from that of the First Amendment, I do not agree with Elane Photography that there was an infringement of Article II, Section 11 rights based on this language. The nub of Elaine’s religious freedom argument is not that she was compelled to attend aplace of worship or even a religious ceremony. Nothing in the facts indicates that when Elane Photography declined the job Elaine knew that there was any religious aspect to the ceremony she was asked to attend. {53} Rather, the language of Article II, Section 11 that to me captures Elane Photography’s religious freedom position is the first sentence, stating that “[e]very man shall be free to worship God according to the dictates of his own conscience” and prohibiting the denial of any “privilege on account of his religious opinion.” This language, which focuses on a person’s freedom to act in accordance with one’s conscience concerning one’s religious opinion or worship, seems broader than the First Amendment language that focuses on preventing federal laws that “prohibit” a person’s free exercise of religion. See Humphrey v. Lane, 728 N.E.2d 1039, 1044 (Ohio 2000) (holding that the Ohio constitution provides broader religious protection than the federal free exercise clause based on language stating that “nor shall any interference with the rights of conscience be permitted”). Since Smith, the majority of state appellate courts that have interpreted their state constitutions concerning the issue have concluded that their state constitution provides broader protection than the First Amendment. See W. Cole Durham & Robert Smith, 1 Religious Organizations and the Law § 2:63 (2012 Thompson Reuters) (stating that post-Smith “a total of 11 states . . . have interpreted their state constitutions’ free exercise clauses to require strict scrutiny analysis” and “[o]nly three courts ... have explicitly accepted Smith as the proper standard for reviewing free exercise questions under their state constitutions”). Several of these states have constitutional provisions containing language similar to the New Mexico Constitution. See, e.g., State ex rel. Cooper v. French, 460 N.W.2d 2, 9 (Minn. 1990) (holding that state constitutional language stating that “nor shall any control of or interference with the rights of conscience be permitted ... grants far more protection of religious freedom” than the federal free exercise clause); First Covenant Church of Seattle v. City of Seattle, 840 P.2d 174, 186-87 (Wash. 1992) (enbanc) (holding that the state must justify even a “facially neutral, even-handedly enforced” statute with a compelling state interest if the statute indirectly burdens the exercise of religion based on a state constitutional provision providing that “[a]bsolute freedom of conscience in all matters of religious sentiment, belieff] and worship, shall be guaranteed to every individual, and no one shall be molested or disturbed in person or property on account of religion” (internal quotation marks and citation omitted)). {54} However, this Court can only review issues that have been properly preserved for review below. Rule 12-216(A) NMRA. Our Supreme Court has adopted the interstitial approach to preserve an argument that the New Mexico Constitution provides greater protection than its federal counterpart. Gomez, 1997-NMSC-006, ¶ 21. As stated by our Supreme Court, this approach provides that [wjhere a state constitutional provision has previously been interpreted more expansively than its federal counterpart, trial counsel must develop the necessary factual base and raise the applicable constitutional provision in trial court. Where the provision has never before been addressed under our interstitial analysis, trial counsel additionally must argue that the state constitutional provision should provide greater protection, and suggest reasons as to why, for example, a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics. State v. Leyva, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861 (emphasis, internal quotation marks, and citation omitted). {55} Interpreting Article II, Section 11 differently from the First Amendment is an issue of first impression. Thus, Elane Photography argued to the district court that the New Mexico constitutional language was broader than the First Amendment. However, it did so only with respect to the language of the second sentence of Article II, Section 11 relating to attendance of a place of worship. It did not argue that the first sentence provided broader protection, and thus it did not invoke a ruling from the district court that the language of the first sentence provides broader protection than the First Amendment. It therefore did not preserve under Rule 12-216(A) an argument based on the language of the first sentence of Article II, Section 11 that the NMHRA infringed upon Elaine’s freedom “to worship God according to the dictates of [her] own conscience.” Although the language of Article II, Section 11 is different from that of the First Amendment and may provide broader protection, determination of its scope remains for another day. JAMES J. WECHSLER, Judge